The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Helene Atwood | Capital One Financial Corporation |

**(b)** County of Residence of First Listed Plaintiff   Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul Rogers Kennedy, THE COMPASS LAW GROUP
55 Northeast 5th Avenue, Second Floor, Delray Beach, FL 33484
Telephone: (561) 819-5910

Attorneys (If Known)

Christy T. Nash, BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200, Orlando, Florida 32801

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☑ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ■ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO

JUDGE                                                     DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

15 U.S.C. § 1666i; 12 C.F.R. § 226.12(c) - declaratory judgment, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
August 9, 2011

FOR OFFICE USE ONLY

AMOUNT                     RECEIPT #                     IFP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

HELENE ATWOOD, on behalf of herself
and all other similarly situated,

        Plaintiffs,

-v-

CAPITAL ONE FINANCIAL
CORPORATION,

        Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Capital One Financial Corporation ("COFC") gives notice of the removal of this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division. As grounds for this removal, COFC states as follows:

## INTRODUCTION

1.      Federal jurisdiction exists in this case for at least two reasons. First, Plaintiff's claim for declaratory relief states a federal question. Second, Plaintiff's claims, although couched as state-law causes of action, require the resolution of a substantial question of federal law.

2.      On April 1, 2011, Plaintiff Helene Atwood, on behalf of herself and others purportedly similarly situated, commenced this action in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case Number 50 2011 CA 005047 XXXX MB, naming COFC as the sole defendant.

3.      Plaintiff has not effected service of process upon COFC, and therefore, COFC has timely removed this civil action pursuant to 28 U.S.C. § 1446(b).[1] See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

4.      According to the Complaint, Plaintiff seeks a declaratory judgment to define her rights under TILA. (See Compl. ¶¶ 89-90; Compl., Prayer for Relief ¶ 5.) Plaintiff also seeks relief based on the allegation that "[t]his case arises from the Defendant's knowing misrepresentation of the 'claims and defenses' provision of the Federal Truth in Lending Act [("TILA")], 15 U.S.C. § 1666i; 12 C.F.R. § 226.12(c) and 'ASSIGNING CLAIMS' provision of the Defendant's credit card contract." (Compl. ¶ 13.) Specifically, Plaintiff alleges that COFC breached a contract with cardholders and breached the implied covenant of good faith and fair dealing, or alternatively was unjustly enriched, by imposing requirements or limitations on cardholders' right to assert "claims and defenses" against COFC pursuant to TILA and failing to inform cardholders of their right to withhold payment pursuant to TILA and the credit card contract. (See Compl. ¶¶ 52, 56, 66, 73, 82.)

## FEDERAL QUESTION JURISDICTION

5.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal-question jurisdiction exists pursuant to the plain language of the Complaint.

6.      28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

---

[1] Plaintiff attempted to serve COFC on or about June 16, 2011 through Corporation Service Company. Corporation Service Company, however, properly rejected Plaintiff's erroneous attempt at service for numerous reasons, including but not limited to the fact that Corporation Service Company is not a registered agent for COFC in the State of Florida. (See Rejection of Service of Process, attached as **Exhibit "A"**).

7.    Here, Plaintiff's claim for declaratory relief states a federal question. Specifically, Plaintiff asserts that she and putative class members "are in doubt as to . . . the interpretation of the Truth in Lending Act, 15 U.S.C. § 1666i (12 C.F.R. § 226.12(c))" and seek "[a] declaration identifying the rights of the parties . . . , specifically as to whether a timing requirement exists under the terms of the contract and [TILA]." (Compl. ¶ 90; Compl., Prayer for Relief ¶ 5.) As Plaintiff seeks a declaration of rights pursuant to a federal statute, it is axiomatic that federal question jurisdiction exists.[2]

8.    Moreover, even if the Complaint alleged only state-law claims, which it does not, jurisdiction would still properly reside with this Court. This is because federal-question jurisdiction exists if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363 (2005); see Hayduk v. United Parcel Service, Inc., 930 F. Supp. 584, 596 n.3 (S.D. Fla. 1996) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

9.    In addition to the claim seeking a declaration of rights under TILA, Plaintiff also asserts claims arising under state law. Each of Plaintiff's state-law claims necessarily involves the resolution of issues substantially involving federal law, namely, TILA and Regulation Z. COFC's obligations, or lack thereof, under TILA and Regulation Z are a disputed and substantial part of Plaintiff's claims, and federal courts are the appropriate forum to interpret these federal statutes and regulations.

---

[2] To the extent any other claims may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

10. Specifically, in Count I (Breach of Contract), Plaintiff alleges that COFC committed a breach of contract by "failing to adhere to the provisions of the Truth in Lending Disclosures." (Compl. ¶ 66.) As this claim requires that the court determine whether TILA was in fact violated, it presents a question of federal law. See, e.g., Guardian Nat'l Acceptance Corp. v. Swartzlander Motors, Inc., 962 F. Supp. 1137, 1143 (N.D. Ind. 1997) (finding that plaintiff's breach of contract claim presented a substantial question of federal law under TILA where plaintiff must establish that defendant violated its duties under TILA to prove that defendant breached the contract).

11. In Count II (Breach of the Implied Covenant of Good Faith and Fair Dealing), Plaintiff alleges that COFC misrepresented the conditions precedent to asserting claims and defenses under TILA, leading Plaintiff and putative class members to unknowingly waive their rights under TILA. (Compl. ¶ 75.) Plaintiff also seeks a judicial determination that COFC's policies of failing to inform cardholders of their rights under TILA and misrepresenting said rights violate COFC's duties of good faith and fair dealing. (Compl. ¶ 75.) Resolution of this claim requires an interpretation of TILA's disclosure requirements and, therefore, raises substantial questions of federal law.

12. In Count III (Unjust Enrichment), Plaintiff alleges that COFC has been unjustly enriched through "the imposition of improper dispute policies that are contrary to" TILA. (Compl. ¶ 82.) This claim, like Plaintiff's breach of contract claim, is predicated on an alleged violation of TILA. Because Plaintiff's entitlement to relief is contingent on proof that COFC violated TILA, this claim presents a substantial federal question. See, e.g., Drawhorn v. Qwest Communs. Int'l, 121 F. Supp. 2d 554, 563 (E.D. Tex. 2000) (finding that federal law arose in elements of unjust enrichment claim, and therefore removal was proper, because determination

of whether defendant "wrongfully" received benefits depended on interpretation of rights established by statute).

13. In Count IV (Declaratory Judgment), Plaintiff requests an interpretation of TILA and Regulation Z and a declaration of parties' rights under these federal statutes and regulations. (See Compl. ¶ 90; Compl., Prayer for Relief ¶ 5.) Again, this claim raises a federal question because it expressly turns on the interpretation of TILA.[3] See, e.g., Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297, 1307 n.13 (M.D. Fla. 2003) (explaining that federal question was raised where state-law claim for equitable relief turned on the interpretation of the federal Magnuson-Moss Warranty Act); Allen v. Jerome Imports, Inc., No. CIV. A. 97-3847, 1998 WL 88038, at *2 (E.D. La. Feb. 23, 1998) (holding that action for declaratory judgment and damages premised on allegation that defendant failed to disclose truth in lending information presented federal question).

14. In sum, Plaintiff's purported state-law claims do not merely reference federal law – federal law serves as the very basis for the causes of action. Cf. Grimes v. Deutsche Bank Nat. Trust, 660 F. Supp. 2d 1349, 1350 (S.D. Fla. 2009). As "federal courts are a congressionally intended forum for disputes regarding [TILA,] . . . finding federal jurisdiction in this case is not inconsistent with congressional judgment about the sound division of labor between state and federal courts governing the jurisdiction of federal courts." Brunson v. Am. Home Mortg. Servicing, Inc., No. 2:09-cv-00436, 2009 WL 2524336, at *2 (D. Utah Aug. 14, 2009). See generally In re Cmty. Bank of N. Virginia, 418 F.3d 277, 303 (3d Cir. 2005) (noting that TILA was enacted to promote a uniform system); London v. Chase Manhattan Bank USA, N.A., 150 F.

---

[3] At least two of the five questions Plaintiff contends are common to the class also involve the interpretation of TILA. (Compl. ¶ 24(a)-(b)).

Supp. 2d 1314, 1322 (S.D. Fla. 2001) (same). As such, federal-question jurisdiction exists in this case.

## PROCEDURAL REQUIREMENTS

15. No prior application has been made for the relief requested herein.

16. While COFC has not been served with any "process, pleadings, [or] orders" in this action, a true and correct copy of the state court's file (as of August 8, 2011) is attached hereto as **Exhibit "B."** See 28 U.S.C. § 1446(a).

17. The United States District Court for the Southern District of Florida, West Palm Beach Division, is the court and division embracing the place where this action is pending in state court.

18. COFC is promptly filing a copy of this Notice of Removal with the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, as required by 28 U.S.C. § 1446(d).

19. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

20. To the extent remand is sought by Plaintiff or visited by the Court, COFC requests the opportunity to brief the issues and be heard at oral argument.

21. COFC reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

## ADOPTION AND RESERVATION OF DEFENSES

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of COFC's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the

6

claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. R. Civ. P. 1.140 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, Capital One Financial Corporation prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division.

Dated: August 9, 2011

Respectfully submitted,

/s/ Christy T. Nash

Christy T. Nash (FL Bar No. 0550541)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone: (407) 244-0888
Facsimile: (407) 244-0889
Email: cnash@burr.com

Attorney for Defendant
Capital One Financial Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 9th day of August, 2011:

Paul Rogers Kennedy (Fla. Bar No. 615226)
THE COMPASS LAW GROUP
55 Northeast 5th Avenue, Second Floor
Delray Beach, FL 33484
Telephone: (561) 819-5910
Facsimile: (561) 819-5911
Email: paul@prkpa.com

*Attorney for Plaintiff*

/s/ Christy T. Nash
Christy T. Nash (FL Bar No. 0550541)

# EXHIBIT A



**null**
**Transmittal Number: 8831277**

CORPORATION SERVICE COMPANY®

# Rejection of Service of Process

**Return to Sender Information:**

Paul Rogers Kennedy
The Compass Law Group
55 NE 5 Ave
Second Floor
Delray Beach, FL 33484

**Date:**                          06/16/2011

**Party Served:**              Capital One Financial Corporation
**Title of Action:**           Helene Atwood vs. Capital One Financial Corporation
**Court/Agency:**            Palm Beach County Circuit Court, Florida
**Case/Reference No:**     50 2011 CA 005047 XXXX MB

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for the reason listed below:

Because two or more companies can have very similar names, the name of the company to which service of process is directed MUST BE IDENTICAL to the company name on file with the Secretary of State or other appropriate state agency.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service, send your request by e-mail to sop@cscinfo.com. Please include the transmittal number located in the upper right-hand corner of this letter.

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

HELENE M. ATWOOD,
    Plaintiff,

CASE NO. **502011CA 0 05047 XXXX MB**

vs.

CAPITAL ONE FINANCIAL CORPORATION,
    Defendant.

_____/

**FILED**

APR 0 1 2011

**SUMMONS**

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the above named Defendant:

**CAPITAL ONE FINANCIAL CORPORATION**
**By Serving Its Registered Agent**
**Corporation Service Company**
**1201 Hayes Street**
**Tallahassee, FL 32301**

Served
On _6-16-11_ at _3:05_

Herman Mathers
Special Process Server #2
Leon County, Florida

Each defendant is required to serve written defenses to the complaint or petition on:

**Paul Rogers Kennedy, Esq.**
**Compass Law Group**
**55 NE 5th Avenue, Second Floor**
**Delray Beach, FL 33483**

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service eon Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED: APR 05 2011 , 2011

(SEAL)

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

**SHARON R. BOCK**
As Clerk of the Court

By: _____
AS DEPUTY CLERK KRISTIN BUTLER

*IN ACCORDANCE with the Americans with Disabilities Act if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Administrative Office of the Court, Palm Beach Courthouse, 205 N. Dixie Highway, West Palm Beach, Florida 33401 (561) 355-2431 within 2 working days of your receipt of this Notice; if you are hearing or voice impaired call 1-800-955-8771.*

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

HELENE ATWOOD,
*On behalf of herself and all others similarly situated,*          CASE:

    Plaintiffs,

-vs-

**CLASS REPRESENTATION**

CAPITAL ONE FINANCIAL CORPORATION,

SOUTH COUNTY BRANCH OFFICE
ORIGINAL RECEIVED

**APR - 1 2011**

    Defendant.

**COMPLAINT**

SHARON R. BOCK
CLERK & COMPTROLLER
PALM BEACH COUNTY

    The Plaintiff, **HELENE ATWOOD**, on behalf of herself and all others similarly

situated, hereby submits the following class action Complaint and upon personal knowledge as to

her own acts and status, and upon information and belief as to all other matters, alleges as

follows:

## NATURE OF THE ACTION

    1.    Plaintiff and numerous other consumers accepted Defendant, CAPITAL ONE

FINANCIAL CORPORATION's ("Defendant"), offer to loan or advance United States Dollars

("U.S. $") to persons that accept the Defendant's branded credit card accounts as a method of

payment under the terms and conditions of Defendant's credit card contract.

    2.    The terms and conditions require that the Plaintiff and each class member repay

the loans or advances with interest being applied to the outstanding principal balances.

    3.    In consideration of the acceptance of the Defendant's offer, the Defendant agreed

to allow the Plaintiff and each class member the right to dispute a transaction and request a credit

to the Account.

4.      Having obtained Plaintiff's and each class members' business with the offer described above, and having retained the consideration provided in exchange for the business, the Defendant is now misrepresenting the nature of the Plaintiff's and each class members' billing rights by requiring that the Plaintiff and each class member contact the Defendant within 60 days of the credit card purchases described in the applicable paragraph appearing on the Plaintiff's and each class members' statement of account.

5.      Plaintiff brings this lawsuit against Defendant on behalf of herself and all other similarly situated consumers, alleging i) breach of contract, ii) breach of the implied covenant of good faith and fair dealing, and iii) unjust enrichment.

## JURISDICTION

6.      This is a class action for damages that exceed $15,000, declaratory judgment and injunctive relief, court costs and reasonable attorneys' fees.

7.      This court has subject matter jurisdiction pursuant to Rule 1.220(b)(1)(A), Florida Rules of Civil Procedure (2010).The Plaintiff is a resident of the State of Florida and there are numerous class members who are citizens of states other than Defendant's state of citizenship which is Virginia.

8.      At all material times hereto, the Defendant was a state chartered bank that advertised its credit card service in the State of Florida and issued thousands of credit cards in the name of Florida residents.

9.      At all material times hereto, the Defendant has collected millions of U.S. $ from Florida residents in furtherance of its credit card service.

10.     At all material times hereto, the Defendant has collected millions of U.S. $ from Florida residents and residents from the other contiguous states for services that were never

rendered by merchants that accepted the Defendant's branded credit cards as a method of payment.

11.     Having issued thousands of credit cards in the name of Florida residents and accepting millions of U.S. $ from Florida residents and Florida merchants, the Defendant has sufficient minimum contacts with the State of Florida such that maintenance of this suit does not offend traditional notions of fair play and substantial justice.

12.     The Defendant has purposefully availed itself of this Court by filing hundreds of civil actions against Florida residents seeking money damages owed in relation to its credit card service.  Accordingly, the Defendant's conduct in connection with this State is such that he should reasonably anticipate being hauled into court here.

## INTRODUCTION

13.     This case arises from the Defendant's knowing misrepresentation of the "claims and defenses" provision of the Federal Truth in Lending Act, 15 U.S.C. §1666i; 12 C.F.R. §226.12(c) and "ASSIGNING CLAIMS" provision of the Defendant's credit card contract.

14.     In 1974, the Truth in Lending Act was amended to provide that when a person (merchant) who honors a credit card fails to resolve satisfactorily a dispute as to property or services purchased with the credit card in a consumer credit transaction, the cardholder may assert against the card issuer all claims (other than tort claims) and defenses arising out of the transaction and relating to the failure to resolve the dispute. 15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(1).

15.     The act further provides that a cardholder may withhold payment up to the amount of credit outstanding for the property or services that gave rise to the dispute and any finance or other charges imposed on that amount.   15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(1).

16.     If, in accordance with the rights stated in paragraph 15 and paragraph 16 above. the cardholder withholds payment of the amount of credit outstanding for the disputed transaction, the card issuer shall not report that amount as delinquent until the dispute is settled or judgment is rendered.  15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(2).

17.     The Truth in Lending Act placed certain express limitations on a credit card issuer being subject to all the claims and defenses of a consumer against a merchant, none of which require that the cardholder dispute the transaction within 60 days of receipt of a periodic billing statement containing the transaction.  15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(3).

18.     Although a "billing error" appearing on a cardholder periodic statement requires that a cardholder notify the credit card issuer within 60 days of receipt of a periodic billing statement (15 U.S.C. 1666; 12 C.F.R. 226.13), a cardholder invokes their rights to assert claims or defenses by withholding payment.

19.     The claims and defenses consumers can assert specifically relate to purchases of goods and services purchased with the credit card through the mail, the Internet or more specifically through telephone initiated transactions such as telemarketing activities, such as those involved with the Plaintiff and each member of the class herein. *See* Official Staff Commentary 12 C.F.R. §226.12(c)(1)-1.

20.     The Defendant's credit card contract, attached as **Exhibit "A"**, requires that the Plaintiff and each member of the class contact the Defendant about any purchases the Plaintiff and each member of the class are dissatisfied with.

21.     The "ASSIGNING CLAIMS" section of the contract provides that if the Plaintiff and each member of the class have a dispute with a merchant they may request a credit to the credit card account.

22. There is no requirement or limitation in the "ASSIGNING CLAIMS" that the Plaintiff and each member of the class notify the Defendant within 60 days of receipt of the statement containing the purchase.

## CLASS REPRESENTATION ALLEGATIONS

23. The cause of action is maintainable on behalf of a class under Rule 1.220(b)(1)(A).

24. The questions of law or fact that are common to Plaintiffs' claims are:

(a) whether a 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) "claims and defenses dispute" must be raised within 60 days of each Plaintiff and each member of the class receiving the statement(s) upon which the charge(s) appears;

(b) whether 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) requires the Defendant to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class have the right to withhold payment on a disputed transaction when the nature of the dispute is a "claims and defenses" dispute;

(c) whether the implied covenant of good faith and fair dealing requires that the Defendant be honest in fact when contacted by each Plaintiff and each member of the class pursuant to 15 U.S.C. §1666l (12 C.F.R. §226.12(c));

(d) whether the Defendant is contractually obligated to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class has a right to withhold payment on a disputed transaction when the nature of the dispute qualifies as a "claims and defenses" dispute; and

(e) whether the implied covenant of good faith and fair dealing requires the Defendant to be honest in fact when discussing each Plaintiff and each member of the class' rights under the credit card contract when each Plaintiff and each member of the class raises a "claims and defenses" dispute.

25.     The claims of the Plaintiff are typical of that of all other CAPITAL ONE FINANCIAL CORPORATION cardholders that:

(a)     attempted in good faith to resolve satisfactorily a dispute as to services purchased with the CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts with a person who honors   CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts;

(b)     failed to resolve the dispute with the person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts;

(c)     contacted  CAPITAL ONE FINANCIAL CORPORATION pursuant to the credit card contract;

(d)     contacted  CAPITAL ONE FINANCIAL CORPORATION pursuant to the Truth in Lending Act 15 U.S.C. §1666i; 12 C.F.R. §226.12(c);

(e)     disclosed to CAPITAL ONE FINANCIAL CORPORATION that a good faith attempt to resolve satisfactorily a dispute as to services purchased with the CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts with a person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts had been made;

(f)     disclosed to CAPITAL ONE FINANCIAL CORPORATION that a failure to resolve the dispute with the person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts had occurred;

(g)     requested a credit in an amount equal to the disputed charge;

(h)     were told that they were required to report the billing error in writing within 60 days of receipt of the statement; and

(i)     were told that they were responsible for the disputed charge; and

either paid the entire balance as instructed including the disputed charge and any applicable finance charges *or* have not yet paid the entire balance. but continue to be assessed finance charges that take into consideration the outstanding disputed charge.

27.     The Plaintiffs that have been instructed to pay the disputed charge and any applicable finance charges and actually paid as well as Plaintiffs that have not paid the disputed charge, but continue to be charged finance charges that take into consideration the outstanding disputed charge represent, herein called the Plaintiff Class, also fall within these requirements.

28.     The approximate number of persons in the Plaintiff's class is sufficiently large enough to be categorized by the Court as a class.

29.     The initial definition of the class is:

"All persons in the United States who entered into a credit card contract with the Defendant whereby if the person was dissatisfied with the goods and services purchased with the Defendant's branded credit card, and the person tried in good faith to correct the problem with the merchant, the person had the right not to pay the remaining amount due on the purchase if certain conditions were met, but who after meeting the conditions precedent, were notified by the Defendant that unless person contacted the Defendant within 60 days of the purchase showing up on the persons' statement, the person had waived its right to not pay the remaining amount due."

30.     The class does not include business entities, Defendants and their subsidiaries affiliates, all persons who make a timely election to be excluded from the proposed class, governmental entities, and the judge(s) to whom this case is assigned and their immediate family members thereof.

31.     Plaintiff reserves the right to amend the class definition(s) as appropriate.

32.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33.     The members of the class are so numerous that separate joinder of each member is impracticable. Plaintiff is informed and believes that there are at least one thousand CAPITAL ONE FINANCIAL CORPORATION cardholders who have been damaged by the Defendant's conduct as alleged herein. The precise number of class members and their addresses are

unknown to Plaintiff; however, they are readily available from Defendant's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

34. Plaintiffs can fairly and adequately protect and represent the interest of each member of Plaintiff Class because there is an identity of interest with the nonparty members of the Plaintiff Class on the questions presented in this action. Plaintiffs have retained attorneys experienced in complex consumer protection litigation and class action litigation. Plaintiffs have diligently pursued this matter with the Federal Deposit Insurance Corporation, and will diligently prosecute this action.

35. The facts and circumstances supporting the conclusion that this action may be maintained pursuant to Rule 1.220(b)(1)(A) are that actions brought by individual litigants might produce conflicting adjudications relating to timing and content requirements of a dispute brought pursuant to the Truth in Lending Act, 15 U.S.C. §1666i; 12 C.F.R. §226.12(c).

36. The named Plaintiff's claims are typical of the claims of the class because, among other things, the Plaintiff accepted the Defendant's offer for, and paid consideration for, the privileges associated with the use of the Defendant's credit card service; and notwithstanding that Plaintiff at all times material hereto honored the conditions of the credit card contract's "ASSIGNING CLAIMS" provisions, the Defendant misrepresented the nature of the Plaintiff's rights under the terms of the "ASSIGNING CLAIMS" provisions and the Truth in Lending Act's "claims and defenses" provision codified at 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

37. The prosecution of separate actions by individual class members would create a risk of adjudications that would as a practical matter, be dispositive of the interests of other class

members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

38.     The Defendant's internal standards of conduct when handling "claims and defenses" disputes brought pursuant to the credit card contract and Federal Truth in Lending Act would be tailored to geographic adjudications and profitability rather than a uniform standard of conduct implemented pursuant to a Class Settlement.[1]

39.     By directing the Defendant to handle "claims and defenses" disputes in a uniform and coherent manner, the rights, responsibilities and interpolation of contract law and federal law would establish compatible standards of conduct for the Defendant and all of their cardholders.

40.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

## CAUSE OF ACTION ALLEGATIONS

41.     Each Plaintiff and each member of the class has been issued a CAPITAL ONE FINANCIAL CORPORATION branded credit card account pursuant to a credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

42.     The terms of the credit card contract require that the Plaintiff and each member of the Plaintiff Class contact the Defendant if the Plaintiff and each member of the Plaintiff Class has a dispute with a merchant.

43.     The terms of the credit card contract, attached as **Exhibit "A"**, provide that each Plaintiff and each member of the class may have the right to request a credit to the account.

---

[1] For example, in the event that adjudication is entered in Defendants favor in Virginia but the Defendants are found liable in Florida. Defendants standard of conduct directed toward Virginia residents would be to continue the course of behavior complained of in this class action complaint because economics would so dictate rather than rule of law.

44.     The terms of the credit card contract provide that in order to use the right described in paragraph 43 each plaintiff and each member of the class must assign the claim for the credited amount against the merchant and/or any third party.

45.     There is no contract requirement that each Plaintiff or each member of the class contact the Defendants within 60 days of the purchase appearing on each Plaintiff's or each member of the class' statement.

46.     The Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)(3)(A)) requires that the Plaintiff and each member of the plaintiff class contact the Defendant if the Plaintiff and each member of the Plaintiff Class are dissatisfied with a credit card purchase(s) and have tried in good faith to correct the problem with the merchant.

47.     The Truth in Lending Act. 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) provides that each Plaintiff and each member of the class may have the right not to pay the remaining amount due on the purchase.

48.     The Truth in Lending Act. 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) provides that in order to use the right described in paragraph 47 the following must be true:

(a)     Each Plaintiff and each member of the class must have made a good faith attempt to resolve the dispute with the person honoring the credit card; and

(b)     The purchase must have been made in each Plaintiff's and each member of the class's home state or within 100 miles of each plaintiff's and each member of the class's current address and exceed $50.

49.     There is no requirement in the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) that each Plaintiff and each member of the class contact the Defendant within 60 days of the purchase appearing on each Plaintiff's or each member of the class's statement.

50. Beginning as early as 2007 each Plaintiff and each member of the class contacted the Defendant because they were dissatisfied with credit card purchases.

51. In some instances the contact described in paragraph 50 was within 60 days of a purchase appearing on each Plaintiff and each member of the class's statement.

52. In those instances wherein the contact was within the time period described in paragraph 50, the Defendant failed to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class may have the right to withhold payment pursuant to the credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c).

53. In some instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50, were charged a finance charge that included the purchases described in paragraph 50, and fully paid for the purchases described in paragraph 50.

54. In other instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50, were charged a finance charge that included the purchases described in paragraph 50, and made a partial payment for the purchases described in paragraph 50.

55. In some instances the contact described in paragraph 50 was not within 60 days of a purchase appearing on each Plaintiff and each member of the class's statement.

56. In those instances wherein the contact was not within the time period described in paragraph 55, the Defendant failed to disclose to each Plaintiff and each member of the class that that each Plaintiff and each member of the class may have the right to withhold payment pursuant to the credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c).

57.  In some instances each Plaintiff and each member of the class were informed they were responsible for the full amount of the purchases described in paragraph 50 because they failed to preserve their dispute rights by reporting suspected billing errors within 60 days of receipt of the statement containing the purchases, were charged a finance charge that included the purchases described in paragraph 50, and fully paid for the purchases described in paragraph 50.

58.  In other instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50 because they failed to preserve their dispute rights by reporting suspected billing errors within 60 days of receipt of the statement containing the purchases, were charged a finance charge that included the purchases described in paragraph 50, and made a partial payment for the purchases described in paragraph 50.

59.  The conduct of the Defendant described in the complaint, namely that the Defendant has purposely used the similarity between a "Billing Error" dispute and "Claims and Defenses" dispute to:

(a)  misrepresent the nature of the contract and Truth in Lending Act;

(b)  inform each Plaintiff and each member of the class that there were responsible for the credit card purchases described in paragraph 50; and

(c)  charge each Plaintiff and each member of the class finance charges that took into consideration the purchases described in paragraph 50 constitute a breach of contract and a breach of the implied covenant of good faith and fair dealing.

## COUNT I

## BREACH OF CONTRACT

60.    The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61.    At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class entered into a valid binding contract with the Defendant, a copy of the contract is attached to this Complaint and incorporated by reference as **Exhibit "A"**.

62.    The terms of the contract required that the Plaintiff and each member of the class inspect each statement received from the Defendant and tell the Defendant about any dispute with a merchant and assign such claim to the Defendant.

63.    The contract provides no additional qualifications, such as a requirement that the Plaintiff and each member of the class contact the Defendant within 60 days of the disputed charge appearing on the statement mailed by the Defendant.

64.    To the contrary, the Federal Truth in Lending Act requires that, (1) the purchase must have been made in the Plaintiff and each member of the class's home state or within 100 miles of the Plaintiff's and each member of the class's current address, and the purchase price must have been more than $50; (2) Plaintiff and each member of the class must have used the credit card account for the purchase; and (3) Plaintiff and each member of the class must not yet have fully paid for the purchase.

65.    At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class fully performed under the terms of the contract described in paragraphs 62 and 64 and/or all conditions precedent have been fully performed.

66.     The Defendant materially breached the contract by: (1) unilaterally and without the notice or consent of the Plaintiff and each member of the class requiring that the Plaintiff and each member of the class contact the Defendant within 60 days of purchases appearing on the Plaintiff's and each member of the class's statement; (2) falsely representing that the Plaintiff and each member of the class was responsible for payment in full for the purchases; and (3) failing to adhere to the provisions of the Truth in Lending Disclosures.

67.     As a proximate result of the Defendant's breach, the Plaintiff and each member of the class suffered damages.

## COUNT II

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

68.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

69.     Under the law of every state, the duty of good faith and fair dealing – or an equivalent doctrine by another name – is an element of every contract. Every contract imposes upon each party a duty of good faith and fair dealing in its performance.  Good faith in contracting is the obligation to preserve the spirit of the bargain rather than merely the letter, the adherence to substance rather than to form.  Evasion of the spirit of the bargain and abuse of a power to specify terms have been judicially recognized as breaches of good faith in the performance of contracts.

70.     Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified.  But, the obligation goes further; a lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  A complete catalog of the variety of breaches of good faith cannot be offered herein,

but the following types are among those that have been recognized in judicial decisions: evasion of the spirit of the bargain, willful rendering of imperfect performance, and abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

71.     Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied.

72.     The Defendant has on one hand offered the Plaintiff and each member of the class the right not to obtain a credit in the event that the Plaintiff and each member of the class were not satisfied with if the Plaintiff and each member of the class performed certain conditions, none of which required that the Plaintiff and each member of the class contact the Defendant within 60 days of the purchase appearing on the Plaintiff and each member of the class's statement.

73.     The Defendant on the other hand misrepresented the conditions precedent to exercising the right described in paragraph 72 and instructed the Plaintiff and each member of the class that payment for the purchases was required, apparently with no fear of recourse from the merchant accepting Defendant's credit cards as a method of payment for the Plaintiff and each member of the class potentially and unknowingly waived its rights under the credit card contract and/or the Federal Truth in Lending Act that protects consumers from such behavior.

74.     In breach of its duties of good faith and fair dealing, the Defendant assessed unnecessary charges and interest on the Plaintiff and each member of the class causing damages.

75.     The Plaintiff and each member of the class seeks a judicial determination that the policies of the Defendant in not informing the Plaintiff and each member of the class of its right

to withhold payment and misrepresenting the nature of the right to withhold payment are not consonant with Defendant's duties of good faith and fair dealing.

## COUNT III

### UNJUST ENRICHMENT

76.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

77.     This count is being pled in the alternative to the Plaintiff and each member of the class's breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff and each member of the class concede that, so long as the contract-based claims are found meritorious, they will not be able to pursue this claim for unjust enrichment.

78.     By means of the Defendant's improper conduct alleged herein, the Defendant knowingly imposed a finance charge and required payment on a charge that was reasonably disputed pursuant to the contract between the Plaintiff and each member of the class and the Defendant, as well as the Truth in Lending Act "claims and defenses" provision codified at, 15 U.S.C. 1666i (12 C.F.R. 226.12(c)). The finance charge and payment requirement was unfair, unconscionable and oppressive.

79.     The Defendant knowingly received and retained a wrongful benefit and funds from the Plaintiff and each member of the class. In doing so, the Defendant acted with conscious disregard for the rights of the Plaintiff and each member of the class.

80.     As a result of the Defendant's unlawful conduct as alleged herein, the Defendant has been unjustly enriched at the expense of, and to the detriment of the Plaintiff and each member of the class.

81.     The Defendant's unjust enrichment is traceable to, and resulted directly from, the conduct alleged herein.

82.     Under the common law doctrine of unjust enrichment, it is inequitable for the Defendant to be permitted to retain the benefit it received, and is still receiving without justification, from the imposition of improper dispute policies that are contrary to the Defendant's own contract terms and the Truth in Lending Act. The Defendant's retention of such funds under the circumstances makes it inequitable to do so and constitutes unjust enrichment.

## COUNT IV

## DECLARATORY JUDGMENT

83.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

84.     At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class entered into a valid binding contract with the Defendant, a copy of the contract is attached to this Complaint and incorporated by reference as **Exhibit "A"**.

85.     The terms of the contract required that the Plaintiff and each member of the class inspect each statement received from the Defendant and tell the Defendant about any errors or questions the Plaintiff and each member of the class has as described in the "ASSIGNING CLAIMS" provision of the contract.

86.     The "ASSIGNING CLAIMS" provision of the contract described in paragraph 85 provides that if the Plaintiff and each member of the class have a dispute with a merchant, they may request a credit to the account.

87.     In order to use this right, Federal law requires that (1) the purchase must have been made in the Plaintiff and each member of the class's home state or within 100 miles of the Plaintiff and each member of the class's current address, and the purchase price must have been more than $50; (2) the Plaintiff and each member of the class must have used the credit card account for the purchase; and (3) the Plaintiff and each member of the class must not yet have fully paid for the purchase.

88.     The Defendant contends that in order to preserve the right described in paragraph 86, the Plaintiff and each member of the class must contact the Defendant within 60 days of receipt of the statement upon which the charges appear.

89.     The Plaintiff and each member of the class contend that no such timing requirement exists under the terms of the credit card contract or the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

90.     The Plaintiff and each member of the class are in doubt as to their rights under the terms of the credit card contract and the interpretation of the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

### PRAYER FOR RELIEF

The Plaintiff, on behalf of herself, and the class, request that the Court order relief and enter judgment against CAPITAL ONE FINANCIAL CORPORATION as follows:

1. An order certifying the proposed Class and appointing Plaintiff and counsel to represent the class;

2. An order that CAPITAL ONE FINANCIAL CORPORATION be permanently enjoined from its improper and unlawful conduct and practices alleged herein;

3. A judgment awarding the Plaintiff and members of the class actual damages in an amount according to proof for CAPITAL ONE FINANCIAL CORPORATION'S breaches of the credit card contracts, and for all other of CAPITAL ONE FINANCIAL CORPORATION'S conduct alleged under all causes of actions herein entitling the Plaintiff and each member of the class to actual damages;

4. A judgment awarding the Plaintiff and each member of the class restitution, including, without limitation, disgorgement of all profits and unjust enrichment obtained by CAPITAL ONE FINANCIAL CORPORATION as a result of its unlawful and unfair conduct alleged herein;

5. A declaration identifying the rights of the parties when the Plaintiff and each member of the class are not satisfied with the credit card purchases and have performed all conditions precedent, specifically as to whether a timing requirement exists under the terms of the contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c));

6. Attorney's fees, expenses, and the costs of this action; and

7. All other and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

The Plaintiff and each member of the class demand a trial by jury for all issues so triable.

Dated: 1 April 2011

The Compass Law Group

By: _____

Paul Rogers Kennedy, Esquire
Florida Bar No. 615226
55 NE 5th Avenue
Second Floor
Delray Beach, FL 33484
Attorney for the Plaintiffs

# CUSTOMER AGREEMENT

*EXHIBIT "A"*

Agreement without losing them.

Changes in Terms. We may amend or change any part of your Agreement, including the periodic rates and other charges, or add or remove requirements (including adding new requirements of the same or a different nature as the existing requirements in this Agreement) at any time. If we do so, we will give you notice if required by law of such amendment or change. Notice will be mailed to the last billing address indicated in our records. (However, no notice will be mailed if we previously had notified you that your account would be subject to such amendment or change without notice.) Changes to the annual percentage rate(s) will apply to your account balance from the effective date of the change, whether or not the account balance included items billed to the account before the change date and whether or not you continue to use the account. Changes to fees and other charges will apply to your account from the effective date of the change.

Applicable Law. This Agreement will be governed by Virginia law and Federal law.

Severability. The invalidity of any provision of this Agreement shall not affect the validity of any other provisions.

Lost or Stolen Cards or Account Access Checks. If your cards or account access checks are lost or stolen or if someone else may be using them without your permission, notify us at once by calling the telephone number shown on the front of your periodic statement. You will not be liable for any amount for unauthorized use of your cards or account access checks.

Your Billing Address. You agree to give us written notice of any change in your billing address at least 10 days before the change. Changes may be written in the space provided on the remittance coupon portion of your periodic statement or may be sent to the following address: Capital One, P.O. Box 85015, Richmond, VA 23285-5015. If your account is a joint account or if more than one person is permitted to use it, you agree that all notices regarding the account may be sent solely to the address shown on our billing records.

Communications. We may call you (using live operators, automatic dialing devices, or recorded messages) at home or work and these calls will not be considered unsolicited. We may monitor or record any calls we make or receive. We may release information to others regarding the status or history of your account as is more fully discussed in the Capital One privacy policy, a copy of which has been provided to you. We may make inquiries of third parties in connection with maintaining and collecting your account, and you authorize such third parties to release information about you to us.

Cardholder Benefits. Cardholder benefits may be changed or terminated without notice. The benefits may be provided by third parties; we are not liable for such benefits or for the actions or omissions of the third parties.

U.S. Currency. If you make a purchase or cash advance in foreign currency, the transaction will be converted into U.S. dollars using Visa or MasterCard regulations and conversion procedures in effect at the time. Visa or MasterCard may increase the conversion rate and keep this increased amount. The rate in effect on the conversion date may differ from the rate used on the transaction date.

ARBITRATION:

You and we agree that either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration.

IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE OR REPRESENTATIVE PROCEEDING. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISCOVERY OR TO APPEAL, MAY BE LIMITED OR UNAVAILABLE IN ARBITRATION. THE FEES ASSOCIATED WITH ARBITRATION MAY BE HIGHER THAN THE FEES ASSOCIATED WITH COURT PROCEEDINGS.

Special Definitions for this Arbitration Provision. For the purposes of this arbitration provision ("Arbitration Provision"), the following definitions shall apply in addition to the definitions set forth in this Customer Agreement ("Agreement"):

"We," "us" and "our" mean the owner of your account (Capital One Bank or Capital One, F.S.B.), its parent, and their direct and indirect subsidiaries and affiliates, as well as all of their respective employees, officers, directors, licensees, predecessors, successors, and assigns.

"Claim" means any claim, controversy, or dispute of any kind or nature between you and us.

A. *This definition includes, without limitation, any Claim that in any way arises from or relates to:*

- this Agreement and any of its terms (including any prior agreements between you and us or between you and any other entity from which we acquired your account)
- this Arbitration Provision (including whether any Claim is subject to arbitration)
- the establishment, operation, or termination of your account
- any disclosures, advertisements, promotions, or other communications relating to your account, whether they occurred before or after your account was opened
- any transactions or attempted transactions involving your account
- any billing or collections matters relating to your account
- any posting of transactions (including payments or credits) to your account
- any goods or services charged to your account
- any fees, interest, or other charges assessed to your account, or their calculation
- any products, services, or benefits programs related to or offered in connection with your account (including any insurance, debt cancellation, or extended service contracts and any programs, rebates, rewards, sweepstakes, memberships, discounts, or coupons) whether or not we offered, introduced, sold, or provided them
- our receipt, use, or disclosure of any information about you or your account
- any other matters relating to your account or your relationship with us.

B. *This definition also includes, without limitation, any Claim:*

- regardless of how or when it is brought (for example, as an initial claim, counterclaim, cross-claim, interpleading, or third-party claim)
- based on any theory of relief or damages (including money damages and any form of specific performance or injunctive, declaratory, or other equitable relief)
- based on any theory of law or equity (including contract, tort, fraud, constitution, statute, regulation, ordinance, or wrongful acts or omissions of any type, whether negligent, reckless, or intentional)
- made by you or by anyone connected with you or claiming through or for you (including a co-applicant or authorized user of your account, your agent, your representative, your heirs, or a trustee in bankruptcy)

- for which we may be directly or indirectly liable under any theory, including respondeat superior or agency (even if we are not properly named at the time the Claim is made)
- now in existence or that may arise in the future, regardless of when the facts and circumstances that give rise to the Claim occurred or when the Claim accrued
- made as part of a class action, private attorney general action, or other representative or collective action, which Claim shall proceed on an individual basis as set forth more fully in this Arbitration Provision.

Arbitration Administrators. One of the following arbitration administrators ("Administrator" or, collectively, "Administrators") will administer the arbitration:

| | | |
|---|---|---|
| JAMS | American Arbitration Ass'n | National Arbitration Forum |
| 1920 Main St., Ste. 300 | 335 Madison Ave., Floor 10 | P.O. Box 50191 |
| Irvine, CA 92610 | New York, NY 10017-4605 | Minneapolis, MN 55405 |
| www.jamsadr.com | www.adr.org | www.arbitration-forum.com |

You may contact any of the Administrators to obtain information about arbitration, arbitration rules and procedures, fee schedules, and claim forms.

Election and Initiation of Arbitration. You or we may elect arbitration under this Arbitration Provision with respect to any Claim, even if the Claim is part of a lawsuit brought in court. You or we may make a motion or request in court to compel arbitration of any Claim brought as part of any lawsuit. We will not elect or initiate arbitration of any Claim brought in a small claims court (or the equivalent), as long as the Claim remains in that court, is made solely on behalf of an individual or joint account holder, and is not made as part of a class action, private attorney general action, or other representative or collective action.

You and we must follow the rules of the Administrators to initiate arbitration. If you initiate arbitration, you may choose one of the Administrators, and you must mail us any notice required by the Administrator to P.O. Box 85530, Richmond, VA 23285-5530. If we initiate arbitration, we will choose one of the Administrators, and we will mail you any notice required by the Administrator to your last-known billing address. If we have initiated arbitration, we will change the Administrator at your request if you notify us in writing at the above address within fifteen days of the date of any notice we send you of our initiation of arbitration.

Procedures and Law Applicable in Arbitration. This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by and enforceable under the Federal Arbitration Act (the "FAA"). Questions about whether any Claim is subject to arbitration shall be resolved by interpreting this Arbitration Provision in the broadest way it may be enforced, consistent with the FAA and the terms of this Arbitration Provision. The arbitrator will apply substantive law consistent with the FAA and applicable statutes of limitations. The arbitrator may award any damages or other relief permitted by applicable substantive law, but the award shall determine the rights and obligations of only the named parties and only with respect to the Claims in arbitration. The rules and procedures of the Administrator, which you may obtain from the Administrator, shall govern the arbitration unless they conflict with this Arbitration Provision, in which case this Arbitration Provision will apply. The arbitrator will not be bound by, and this Arbitration Provision shall not be subject to, the federal, state, or local rules of procedure and evidence that would apply in any court, or to state or local laws that relate to arbitration proceedings. You or we may have a hearing in arbitration. Any arbitration hearing that you attend in person will take place at a location in the federal judicial district that includes your last-known billing address or at some other place upon which you and we agree. You or we may be represented by counsel. If you or we request, the arbitrator will honor claims of privilege recognized under applicable law and will use best efforts to protect confidential information (including through the use of protective orders). The arbitrator will make any award in writing and, at the timely request of either party, will provide a written statement of reasons for the award.

Costs. The party initiating arbitration will pay the initial filing fee. You may seek a waiver of the initial filing fee or any of the Administrator's other fees (collectively, "Administrator's Fees") under any applicable rules of the Administrator. If you seek, but do not qualify for, a waiver, we will consider any written request by you for us to pay or reimburse you for all or part of the Administrator's Fees. We also will pay or reimburse you for all or part of the Administrator's Fees if the arbitrator determines there is good reason for us to do so. We will pay any fees and costs we are required to pay by law. Otherwise, and except as provided in this Agreement, you and we will bear all of our respective fees and costs (including the Administrator's fees and the fees and costs relating to attorneys, experts, and witnesses), regardless of who prevails. Allocation of fees and costs relating to appeals in arbitration will be handled in the same manner.

No Consolidation or Joinder of Parties. The arbitration of any Claim must proceed on an individual basis, even if the Claim has been asserted in a court as a class action, private attorney general action, or other representative or collective action. Unless all parties consent, neither you nor we may join, consolidate, or otherwise bring Claims related to two or more accounts, individuals, or account holders in the same arbitration. Also, unless all parties consent, neither you nor we may pursue a class action, private attorney general action, or other representative or collective action in arbitration, nor may you or we pursue such actions in Court if any party has elected arbitration. You will not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim as to which arbitration has been elected.

Judgment, Enforcement, Finality, and Appeal. The arbitrator's decision will be final and binding after fifteen days unless you or we seek an appeal of the award by making a written request to the Administrator. The appeal panel, which will consist of three arbitrators, will consider all factual and legal issues anew, will conduct the appeal in the same manner as the initial arbitration, and will make decisions based on the vote of the majority. The panel's decision will be final and binding. Any final decision of the arbitrator or of the appeal panel is subject to judicial review only as set forth under the FAA. An award in arbitration will be enforceable under the FAA by any court having jurisdiction.

Miscellaneous, Waiver, Severability, Survival. If you or we do not elect arbitration or otherwise enforce this Arbitration Provision in connection with any particular Claim, you or we will not waive any rights to require arbitration in connection with that or any other Claim. This Arbitration Provision shall survive: (i) suspension, termination, revocation, closure, or changes of this Agreement, your account, and your relationship with us; (ii) the bankruptcy or insolvency of any party; and (iii) any transfer of your account, or any amounts owed on your account, to any other person or entity. If any portion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration Provision shall nevertheless remain valid and in force. In the event of a conflict or inconsistency between this Arbitration Provision and the other provisions of this Agreement or any prior agreement, this Arbitration Provision shall govern.

© 2002 Capital One Services, Inc. Capital One is a federally registered service mark. All rights reserved.



**WEST VIRGINIA CODE**
**CHAPTER 55. ACTIONS, SUITS AND ARBITRATION:**
**JUDICIAL SALE.**
**ARTICLE 10. ARBITRATION.**

**§55-10-1. Submission of controversy; defenses; setoff.**

Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court, in person or by counsel, it shall be entered in the proceedings of such court; and thereupon a rule shall be made that the parties shall submit to the award which shall be made in pursuance of such agreement. When a pending cause is submitted to arbitration, the defendant may make any defense to the plaintiff's claim or demand that he could make under any proper plea filed in court, whether such plea has been filed or not, by giving to the plaintiff reasonable notice in writing of the nature and character of his defense; and in a suit for any debt, he may at the trial before the arbitrators prove and have allowed against such debt any payment or setoff, whether before that time pleaded or not, or whether an account of setoff has before that time been filed or not, which he may plead or file before the arbitrators in such manner as to give the plaintiff notice of its nature, but not otherwise. Although the claim of the plaintiff be jointly against several persons and the setoff be of a debt, not to all, but only to a part of them, this section shall extend to such setoff, if it appear that the persons against whom such claim is stand in the relation of principal and surety, and the person entitled to the setoff be the principal. When the defendant is allowed to file and prove an account of setoff to the plaintiff's demand, the plaintiff shall be allowed to file and prove an account of counter setoff, and make such other defense as he might have made had an original action been brought upon such setoff; and upon the trial the arbitrators shall ascertain the true state of indebtedness between the parties, and the award shall be rendered accordingly.

**§55-10-2. Submission irrevocable; extension of time for award.**

No such submission, entered or agreed to be entered of record, in any court, shall be revocable by any party to such submission, without the leave of such court; and such court may, from time to time, enlarge the term within which an award is required to be made

**§55-10-3. Entry of award as judgment or decree; compensation of arbitrators.**

Upon the return of any such award, made under such an agreement (whether any previous record of the submission or rule thereupon has been made or not), it shall be entered up as the judgment or decree of the court, unless good cause be shown against it at the first term after the parties have been summoned to show cause against it. And the court shall make to such arbitrators such reasonable allowance for their services as it may deem proper, to be taxed in the costs of the suit or proceeding, when no provision is made for the pay of the arbitrators in the arbitration agreement, or to be otherwise paid as the court may direct.

**§55-10-4. Setting aside award; equity jurisdiction not affected.**

No such award shall be set aside, except for errors apparent on its face, unless it appears to have been procured by corruption or other undue means, or by mistake, or that there was partiality or misbehavior in the arbitrators, or any of them, or that the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made. But this section shall not be construed to take away the power of courts of equity over awards.

**§55-10-5. Rehearing by arbitrators.**

Where an award is vacated, and the time within which the submission requires the award to be made has not expired, the court, in its discretion, may direct a rehearing by the arbitrators.

**§55-10-6. When award may be modified or corrected.**

Any party to such submission may also move to modify or correct such award in the following cases: (a) Where there is an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property referred to in such award; (b) where the arbitrators shall have awarded upon some matter not submitted to them, nor affecting the merits of the decision of the matter submitted; (c) where the award shall be imperfect in some matter of form not affecting the merits of the controversy, and when, if it had been a verdict, such defect could have been amended or disregarded by the court.

**§55-10-7. Fiduciary may submit to arbitration.**

Any personal representative of a decedent, guardian of an infant, committee of an insane person or a convict, or trustee, may file his petition in the circuit court of the county in which he qualified or was appointed, asking permission from such court to submit to arbitration any suit or matter of controversy touching the estate or property of such decedent, infant, insane person, or convict, or in respect to which he is trustee, in which petition shall be stated the facts upon which the petitioner seeks the permission of the court. The court may, in its discretion, grant or refuse the prayer of the petition. If the petition be filed in good faith, and the petition be granted by the court, an order showing that permission to arbitrate was granted shall be entered on the chancery order book of the court, and the award made in any such case shall be binding upon all the parties in interest, and shall be entered as the judgment or decree of the court in the same manner as other submissions and awards are entered, unless set aside by the court. If the petition be filed in good faith and there be no fault or neglect on the part of the fiduciary, he shall not be responsible for any loss sustained by an award adverse to the interests of his decedent, ward, insane person, convict or beneficiary under any such trust.

**§55-10-8. Umpires.**

Wherever the word "arbitrators" is used in this chapter, it shall be construed as applying to and including any "umpire" who has participated in the arbitration.

*Note: Code updated with legislation passed through the 2010 2nd Extraordinary Session*

# EXHIBIT B

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

---

**I.     CASE STYLE**

(IN**50 2011 CA 0 05 0 4 7 XXXX**

Plaintiff   Helene M. Atwood                    Case #: _____

                                                Judge: _____

vs.

Defendant   Capital One Financial Corporation

**II.     TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

:Condominium
**X** Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect ·
  ☐ Mass tort
  ☐ Negligent security
    Nursing home negligence
    Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
    Commercial foreclosure $250,000 or more

• Homestead residential foreclosure $0 - $50,000
☐ Homestead residential foreclosure $50,001 - $249,999
☐ Homestead residential foreclosure $250,000 or more
☐ Nonhomestead residential foreclosure
    $0 - $50,000
☐ Nonhomestead residential foreclosure
    $50,001 - $249,999
☐ Nonhomestead residential foreclosure
    $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
    Business transactions
  • Constitutional challenge—statute or ordinance

Constitutional challenge---proposed amendment
Corporate trusts
Discrimination---employment or other
Insurance claims
Intellectual property

Libel/Slander
Shareholder derivative action
Securities litigation
Trade secrets
Trust litigation

III.    REMEDIES SOUGHT (check all that apply):
         [X] monetary:
         [X] nonmonetary, declaratory or injunctive relief:
         [ ] punitive

IV.    NUMBER OF CAUSES OF ACTION: [ ]
         (specify): 4, Breach of Contract, Breach of the Implied Covenant of
         Good Faith and Fair Dealing, Unjust Enrichment, Declaratory
         Judgment

V.    IS THIS CASE A CLASS ACTION LAWSUIT?
         [X] yes
         [ ] no

VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
         [X] no
         [ ] yes. If "yes," list all related cases by name, case number, and court.
         _____
         _____
         _____

VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?
         [X] yes
         [ ] no

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____          Fla. Bar #  615226
              (Attorney or party)                               (Bar # if attorney)

Paul Rogers Kennedy
(type or print name)                                       Date _____

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

HELENE M. ATWOOD,
    Plaintiff,

CASE NO. 50 2011 CA 0 05047 XXXX MB

vs.

CAPITAL ONE FINANCIAL CORPORATION,
    Defendant.

_____/

**FILED**

APR 0 1 2011

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## SUMMONS

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the above named Defendant:

**CAPITAL ONE FINANCIAL CORPORATION**
**By Serving Its Registered Agent**
**Corporation Service Company**
**1201 Hayes Street**
**Tallahassee, FL 32301**

Each defendant is required to serve written defenses to the complaint or petition on:

**Paul Rogers Kennedy, Esq.**
**Compass Law Group**
**55 NE 5th Avenue, Second Floor**
**Delray Beach, FL 33483**

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service eon Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED: APR 05 2011 _____, 2011

(SEAL)

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

**SHARON R. BOCK**
As Clerk of the Court

By: _____
AS DEPUTY CLERK KRISTIN BUTLER

*IN ACCORDANCE with the American with Disabilities Act if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Administrative Office of the Court, Palm Beach Courthouse, 205 N. Dixie Highway, West Palm Beach, Florida 33401 (561) 355-2431 within 2 working days of your receipt of this Notice; if you are hearing or voice impaired call 1-800-955-8771.*

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

**50 2011 CA 0 05047 XXXXXX**

HELENE ATWOOD,
*On behalf of herself and all others similarly situated,*                    CASE:

Plaintiffs,

-vs-                                                        **CLASS REPRESENTATION**

CAPITAL ONE FINANCIAL CORPORATION,

Defendant.                                    **COMPLAINT**

        The Plaintiff, **HELENE ATWOOD**, on behalf of herself and all others similarly

situated, hereby submits the following class action Complaint and upon personal knowledge as to

her own acts and status, and upon information and belief as to all other matters, alleges as

follows:

## NATURE OF THE ACTION

        1.        Plaintiff and numerous other consumers accepted Defendant, CAPITAL ONE

FINANCIAL CORPORATION's ("Defendant"), offer to loan or advance United States Dollars

("U.S. $") to persons that accept the Defendant's branded credit card accounts as a method of

payment under the terms and conditions of Defendant's credit card contract.

        2.        The terms and conditions require that the Plaintiff and each class member repay

the loans or advances with interest being applied to the outstanding principal balances.

        3.        In consideration of the acceptance of the Defendant's offer, the Defendant agreed

to allow the Plaintiff and each class member the right to dispute a transaction and request a credit

to the Account.

4.     Having obtained Plaintiff's and each class members' business with the offer described above, and having retained the consideration provided in exchange for the business, the Defendant is now misrepresenting the nature of the Plaintiff's and each class members' billing rights by requiring that the Plaintiff and each class member contact the Defendant within 60 days of the credit card purchases described in the applicable paragraph appearing on the Plaintiff's and each class members' statement of account.

5.     Plaintiff brings this lawsuit against Defendant on behalf of herself and all other similarly situated consumers, alleging i) breach of contract, ii) breach of the implied covenant of good faith and fair dealing, and iii) unjust enrichment.

## JURISDICTION

6.     This is a class action for damages that exceed $15,000, declaratory judgment and injunctive relief, court costs and reasonable attorneys' fees.

7.     This court has subject matter jurisdiction pursuant to Rule 1.220(b)(1)(A), Florida Rules of Civil Procedure (2010).The Plaintiff is a resident of the State of Florida and there are numerous class members who are citizens of states other than Defendant's state of citizenship which is Virginia.

8.     At all material times hereto, the Defendant was a state chartered bank that advertised its credit card service in the State of Florida and issued thousands of credit cards in the name of Florida residents.

9.     At all material times hereto, the Defendant has collected millions of U.S. $ from Florida residents in furtherance of its credit card service.

10.     At all material times hereto, the Defendant has collected millions of U.S. $ from Florida residents and residents from the other contiguous states for services that were never

Page 2 of 19

rendered by merchants that accepted the Defendant's branded credit cards as a method of payment.

11.    Having issued thousands of credit cards in the name of Florida residents and accepting millions of U.S. $ from Florida residents and Florida merchants, the Defendant has sufficient minimum contacts with the State of Florida such that maintenance of this suit does not offend traditional notions of fair play and substantial justice.

12.    The Defendant has purposefully availed itself of this Court by filing hundreds of civil actions against Florida residents seeking money damages owed in relation to its credit card service. Accordingly, the Defendant's conduct in connection with this State is such that he should reasonably anticipate being hauled into court here.

## INTRODUCTION

13.    This case arises from the Defendant's knowing misrepresentation of the "claims and defenses" provision of the Federal Truth in Lending Act, 15 U.S.C. §1666i; 12 C.F.R. §226.12(c) and "ASSIGNING CLAIMS" provision of the Defendant's credit card contract.

14.    In 1974, the Truth in Lending Act was amended to provide that when a person (merchant) who honors a credit card fails to resolve satisfactorily a dispute as to property or services purchased with the credit card in a consumer credit transaction, the cardholder may assert against the card issuer all claims (other than tort claims) and defenses arising out of the transaction and relating to the failure to resolve the dispute. 15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(1).

15.    The act further provides that a cardholder may withhold payment up to the amount of credit outstanding for the property or services that gave rise to the dispute and any finance or other charges imposed on that amount.  15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(1).

16.     If, in accordance with the rights stated in paragraph 15 and paragraph 16 above, the cardholder withholds payment of the amount of credit outstanding for the disputed transaction, the card issuer shall not report that amount as delinquent until the dispute is settled or judgment is rendered.  15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(2).

17.     The Truth in Lending Act placed certain express limitations on a credit card issuer being subject to all the claims and defenses of a consumer against a merchant, none of which require that the cardholder dispute the transaction within 60 days of receipt of a periodic billing statement containing the transaction.  15 U.S.C. §1666i; 12 C.F.R. 226.12(c)(3).

18.     Although a "billing error" appearing on a cardholder periodic statement requires that a cardholder notify the credit card issuer within 60 days of receipt of a periodic billing statement (15 U.S.C. 1666; 12 C.F.R. 226.13), a cardholder invokes their rights to assert claims or defenses by withholding payment.

19.     The claims and defenses consumers can assert specifically relate to purchases of goods and services purchased with the credit card through the mail, the Internet or more specifically through telephone initiated transactions such as telemarketing activities, such as those involved with the Plaintiff and each member of the class herein.  *See* Official Staff Commentary 12 C.F.R. §226.12(c)(1)-1.

20.     The Defendant's credit card contract, attached as **Exhibit "A"**, requires that the Plaintiff and each member of the class contact the Defendant about any purchases the Plaintiff and each member of the class are dissatisfied with.

21.     The "ASSIGNING CLAIMS" section of the contract provides that if the Plaintiff and each member of the class have a dispute with a merchant they may request a credit to the credit card account.

22. There is no requirement or limitation in the "ASSIGNING CLAIMS" that the Plaintiff and each member of the class notify the Defendant within 60 days of receipt of the statement containing the purchase.

## CLASS REPRESENTATION ALLEGATIONS

23. The cause of action is maintainable on behalf of a class under Rule 1.220(b)(1)(A).

24. The questions of law or fact that are common to Plaintiffs' claims are:

(a) whether a 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) "claims and defenses dispute" must be raised within 60 days of each Plaintiff and each member of the class receiving the statement(s) upon which the charge(s) appears;

(b) whether 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) requires the Defendant to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class have the right to withhold payment on a disputed transaction when the nature of the dispute is a "claims and defenses" dispute;

(c) whether the implied covenant of good faith and fair dealing requires that the Defendant be honest in fact when contacted by each Plaintiff and each member of the class pursuant to 15 U.S.C. §1666i (12 C.F.R. §226.12(c));

(d) whether the Defendant is contractually obligated to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class has a right to withhold payment on a disputed transaction when the nature of the dispute qualifies as a "claims and defenses" dispute; and

(e) whether the implied covenant of good faith and fair dealing requires the Defendant to be honest in fact when discussing each Plaintiff and each member of the class' rights under the credit card contract when each Plaintiff and each member of the class raises a "claims and defenses" dispute.

25.     The claims of the Plaintiff are typical of that of all other CAPITAL ONE FINANCIAL CORPORATION cardholders that:

(a)     attempted in good faith to resolve satisfactorily a dispute as to services purchased with the CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts with a person who honors  CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts;

(b)     failed to resolve the dispute with the person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts;

(c)     contacted  CAPITAL ONE FINANCIAL CORPORATION pursuant to the credit card contract;

(d)     contacted  CAPITAL ONE FINANCIAL CORPORATION pursuant to the Truth in Lending Act 15 U.S.C. §1666i; 12 C.F.R. §226.12(c);

(e)     disclosed to CAPITAL ONE FINANCIAL CORPORATION that a good faith attempt to resolve satisfactorily a dispute as to services purchased with the CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts with a person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts had been made;

(f)     disclosed to CAPITAL ONE FINANCIAL CORPORATION that a failure to resolve the dispute with the person who honors CAPITAL ONE FINANCIAL CORPORATION branded credit card accounts had occurred;

(g)     requested a credit in an amount equal to the disputed charge;

(h)     were told that they were required to report the billing error in writing within 60 days of receipt of the statement; and

(i)     were told that they were responsible for the disputed charge; and

either paid the entire balance as instructed including the disputed charge and any applicable finance charges *or* have not yet paid the entire balance, but continue to be assessed finance charges that take into consideration the outstanding disputed charge.

Page 6 of 19

27.     The Plaintiffs that have been instructed to pay the disputed charge and any applicable finance charges and actually paid as well as Plaintiffs that have not paid the disputed charge, but continue to be charged finance charges that take into consideration the outstanding disputed charge represent, herein called the Plaintiff Class, also fall within these requirements.

28.     The approximate number of persons in the Plaintiff's class is sufficiently large enough to be categorized by the Court as a class.

29.     The initial definition of the class is:

"All persons in the United States who entered into a credit card contract with the Defendant whereby if the person was dissatisfied with the goods and services purchased with the Defendant's branded credit card, and the person tried in good faith to correct the problem with the merchant, the person had the right not to pay the remaining amount due on the purchase if certain conditions were met, but who after meeting the conditions precedent, were notified by the Defendant that unless person contacted the Defendant within 60 days of the purchase showing up on the persons' statement, the person had waived its right to not pay the remaining amount due."

30.     The class does not include business entities, Defendants and their subsidiaries affiliates, all persons who make a timely election to be excluded from the proposed class, governmental entities, and the judge(s) to whom this case is assigned and their immediate family members thereof.

31.     Plaintiff reserves the right to amend the class definition(s) as appropriate.

32.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33.     The members of the class are so numerous that separate joinder of each member is impracticable.  Plaintiff is informed and believes that there are at least one thousand CAPITAL ONE FINANCIAL CORPORATION cardholders who have been damaged by the Defendant's conduct as alleged herein. The precise number of class members and their addresses are

Page 7 of 19

unknown to Plaintiff; however, they are readily available from Defendant's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

34. Plaintiffs can fairly and adequately protect and represent the interest of each member of Plaintiff Class because there is an identity of interest with the nonparty members of the Plaintiff Class on the questions presented in this action. Plaintiffs have retained attorneys experienced in complex consumer protection litigation and class action litigation. Plaintiffs have diligently pursued this matter with the Federal Deposit Insurance Corporation, and will diligently prosecute this action.

35. The facts and circumstances supporting the conclusion that this action may be maintained pursuant to Rule 1.220(b)(1)(A) are that actions brought by individual litigants might produce conflicting adjudications relating to timing and content requirements of a dispute brought pursuant to the Truth in Lending Act, 15 U.S.C. §1666i; 12 C.F.R. §226.12(c).

36. The named Plaintiff's claims are typical of the claims of the class because, among other things, the Plaintiff accepted the Defendant's offer for, and paid consideration for, the privileges associated with the use of the Defendant's credit card service; and notwithstanding that Plaintiff at all times material hereto honored the conditions of the credit card contract's "ASSIGNING CLAIMS" provisions, the Defendant misrepresented the nature of the Plaintiff's rights under the terms of the "ASSIGNING CLAIMS" provisions and the Truth in Lending Act's "claims and defenses" provision codified at 15 U.S.C. §1666i.(12 C.F.R. §226.12(c)).

37. The prosecution of separate actions by individual class members would create a risk of adjudications that would as a practical matter, be dispositive of the interests of other class

members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

38.     The Defendant's internal standards of conduct when handling "claims and defenses" disputes brought pursuant to the credit card contract and Federal Truth in Lending Act would be tailored to geographic adjudications and profitability rather than a uniform standard of conduct implemented pursuant to a Class Settlement.[1]

39.     By directing the Defendant to handle "claims and defenses" disputes in a uniform and coherent manner, the rights, responsibilities and interpolation of contract law and federal law would establish compatible standards of conduct for the Defendant and all of their cardholders.

40.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

### CAUSE OF ACTION ALLEGATIONS

41.     Each Plaintiff and each member of the class has been issued a CAPITAL ONE FINANCIAL CORPORATION branded credit card account pursuant to a credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

42.     The terms of the credit card contract require that the Plaintiff and each member of the Plaintiff Class contact the Defendant if the Plaintiff and each member of the Plaintiff Class has a dispute with a merchant.

43.     The terms of the credit card contract, attached as **Exhibit "A"**, provide that each Plaintiff and each member of the class may have the right to request a credit to the account.

---

[1] For example, in the event that adjudication is entered in Defendants favor in Virginia but the Defendants are found liable in Florida, Defendants standard of conduct directed toward Virginia residents would be to continue the course of behavior complained of in this class action complaint because economics would so dictate rather than rule of law.

44.     The terms of the credit card contract provide that in order to use the right described in paragraph 43 each plaintiff and each member of the class must assign the claim for the credited amount against the merchant and/or any third party.

45.     There is no contract requirement that each Plaintiff or each member of the class contact the Defendants within 60 days of the purchase appearing on each Plaintiff's or each member of the class' statement.

46.     The Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)(3)(A)) requires that the Plaintiff and each member of the plaintiff class contact the Defendant if the Plaintiff and each member of the Plaintiff Class are dissatisfied with a credit card purchase(s) and have tried in good faith to correct the problem with the merchant.

47.     The Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) provides that each Plaintiff and each member of the class may have the right not to pay the remaining amount due on the purchase.

48.     The Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) provides that in order to use the right described in paragraph 47 the following must be true:

        (a)     Each Plaintiff and each member of the class must have made a good faith attempt to resolve the dispute with the person honoring the credit card; and

        (b)     The purchase must have been made in each Plaintiff's and each member of the class's home state or within 100 miles of each plaintiff's and each member of the class's current address and exceed $50.

49.     There is no requirement in the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)) that each Plaintiff and each member of the class contact the Defendant within 60 days of the purchase appearing on each Plaintiff's or each member of the class's statement.

50.    Beginning as early as 2007 each Plaintiff and each member of the class contacted the Defendant because they were dissatisfied with credit card purchases.

51.    In some instances the contact described in paragraph 50 was within 60 days of a purchase appearing on each Plaintiff and each member of the class's statement.

52.    In those instances wherein the contact was within the time period described in paragraph 50, the Defendant failed to disclose to each Plaintiff and each member of the class that each Plaintiff and each member of the class may have the right to withhold payment pursuant to the credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c).

53.    In some instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50, were charged a finance charge that included the purchases described in paragraph 50, and fully paid for the purchases described in paragraph 50.

54.    In other instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50, were charged a finance charge that included the purchases described in paragraph 50, and made a partial payment for the purchases described in paragraph 50.

55.    In some instances the contact described in paragraph 50 was not within 60 days of a purchase appearing on each Plaintiff and each member of the class's statement.

56.    In those instances wherein the contact was not within the time period described in paragraph 55, the Defendant failed to disclose to each Plaintiff and each member of the class that that each Plaintiff and each member of the class may have the right to withhold payment pursuant to the credit card contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c).

57.     In some instances each Plaintiff and each member of the class were informed they were responsible for the full amount of the purchases described in paragraph 50 because they failed to preserve their dispute rights by reporting suspected billing errors within 60 days of receipt of the statement containing the purchases, were charged a finance charge that included the purchases described in paragraph 50, and fully paid for the purchases described in paragraph 50.

58.     In other instances each Plaintiff and each member of the class were informed that they were responsible for the full amount of the purchases described in paragraph 50 because they failed to preserve their dispute rights by reporting suspected billing errors within 60 days of receipt of the statement containing the purchases, were charged a finance charge that included the purchases described in paragraph 50, and made a partial payment for the purchases described in paragraph 50.

59.     The conduct of the Defendant described in the complaint, namely that the Defendant has purposely used the similarity between a "Billing Error" dispute and "Claims and Defenses" dispute to:

(a)     misrepresent the nature of the contract and Truth in Lending Act;

(b)     inform each Plaintiff and each member of the class that there were responsible for the credit card purchases described in paragraph 50; and

(c)     charge each Plaintiff and each member of the class finance charges that took into consideration the purchases described in paragraph 50 constitute a breach of contract and a breach of the implied covenant of good faith and fair dealing.

## COUNT I

## BREACH OF CONTRACT

60.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61.     At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class entered into a valid binding contract with the Defendant, a copy of the contract is attached to this Complaint and incorporated by reference as **Exhibit "A"**.

62.     The terms of the contract required that the Plaintiff and each member of the class inspect each statement received from the Defendant and tell the Defendant about any dispute with a merchant and assign such claim to the Defendant.

63.     The contract provides no additional qualifications, such as a requirement that the Plaintiff and each member of the class contact the Defendant within 60 days of the disputed charge appearing on the statement mailed by the Defendant.

64.     To the contrary, the Federal Truth in Lending Act requires that, (1) the purchase must have been made in the Plaintiff and each member of the class's home state or within 100 miles of the Plaintiff's and each member of the class's current address, and the purchase price must have been more than $50; (2) Plaintiff and each member of the class must have used the credit card account for the purchase; and (3) Plaintiff and each member of the class must not yet have fully paid for the purchase.

65.     At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class fully performed under the terms of the contract described in paragraphs 62 and 64 and/or all conditions precedent have been fully performed.

66.     The Defendant materially breached the contract by: (1) unilaterally and without the notice or consent of the Plaintiff and each member of the class requiring that the Plaintiff and each member of the class contact the Defendant within 60 days of purchases appearing on the Plaintiff's and each member of the class's statement; (2) falsely representing that the Plaintiff and each member of the class was responsible for payment in full for the purchases; and (3) failing to adhere to the provisions of the Truth in Lending Disclosures.

67.     As a proximate result of the Defendant's breach, the Plaintiff and each member of the class suffered damages.

## COUNT II

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

68.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

69.     Under the law of every state, the duty of good faith and fair dealing – or an equivalent doctrine by another name – is an element of every contract. Every contract imposes upon each party a duty of good faith and fair dealing in its performance. Good faith in contracting is the obligation to preserve the spirit of the bargain rather than merely the letter, the adherence to substance rather than to form. Evasion of the spirit of the bargain and abuse of a power to specify terms have been judicially recognized as breaches of good faith in the performance of contracts.

70.     Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified. But, the obligation goes further; a lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalog of the variety of breaches of good faith cannot be offered herein,

but the following types are among those that have been recognized in judicial decisions: evasion of the spirit of the bargain, willful rendering of imperfect performance, and abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

71.    Where an agreement permits one party to unilaterally determine the extent of the other's required performance, an obligation of good faith in making such a determination is implied.

72.    The Defendant has on one hand offered the Plaintiff and each member of the class the right not to obtain a credit in the event that the Plaintiff and each member of the class were not satisfied with if the Plaintiff and each member of the class performed certain conditions, none of which required that the Plaintiff and each member of the class contact the Defendant within 60 days of the purchase appearing on the Plaintiff and each member of the class's statement.

73.    The Defendant on the other hand misrepresented the conditions precedent to exercising the right described in paragraph 72 and instructed the Plaintiff and each member of the class that payment for the purchases was required, apparently with no fear of recourse from the merchant accepting Defendant's credit cards as a method of payment for the Plaintiff and each member of the class potentially and unknowingly waived its rights under the credit card contract and/or the Federal Truth in Lending Act that protects consumers from such behavior.

74.    In breach of its duties of good faith and fair dealing, the Defendant assessed unnecessary charges and interest on the Plaintiff and each member of the class causing damages.

75.    The Plaintiff and each member of the class seeks a judicial determination that the policies of the Defendant in not informing the Plaintiff and each member of the class of its right

to withhold payment and misrepresenting the nature of the right to withhold payment are not consonant with Defendant's duties of good faith and fair dealing.

## COUNT III

## UNJUST ENRICHMENT

76.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

77.     This count is being pled in the alternative to the Plaintiff and each member of the class's breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff and each member of the class concede that, so long as the contract-based claims are found meritorious, they will not be able to pursue this claim for unjust enrichment.

78.     By means of the Defendant's improper conduct alleged herein, the Defendant knowingly imposed a finance charge and required payment on a charge that was reasonably disputed pursuant to the contract between the Plaintiff and each member of the class and the Defendant, as well as the Truth in Lending Act "claims and defenses" provision codified at, 15 U.S.C. 1666i (12 C.F.R. 226.12(c)). The finance charge and payment requirement was unfair, unconscionable and oppressive.

79.     The Defendant knowingly received and retained a wrongful benefit and funds from the Plaintiff and each member of the class. In doing so, the Defendant acted with conscious disregard for the rights of the Plaintiff and each member of the class.

80.     As a result of the Defendant's unlawful conduct as alleged herein, the Defendant has been unjustly enriched at the expense of, and to the detriment of the Plaintiff and each member of the class.

81.     The Defendant's unjust enrichment is traceable to, and resulted directly from, the conduct alleged herein.

82.     Under the common law doctrine of unjust enrichment, it is inequitable for the Defendant to be permitted to retain the benefit it received, and is still receiving without justification, from the imposition of improper dispute policies that are contrary to the Defendant's own contract terms and the Truth in Lending Act. The Defendant's retention of such funds under the circumstances makes it inequitable to do so and constitutes unjust enrichment.

## COUNT IV

## DECLARATORY JUDGMENT

83.     The Plaintiff and each member of the class re-allege and adopt the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

84.     At all times material hereto and within the applicable statute of limitations on written contracts, the Plaintiff and each member of the class entered into a valid binding contract with the Defendant, a copy of the contract is attached to this Complaint and incorporated by reference as **Exhibit "A"**.

85.     The terms of the contract required that the Plaintiff and each member of the class inspect each statement received from the Defendant and tell the Defendant about any errors or questions the Plaintiff and each member of the class has as described in the "ASSIGNING CLAIMS" provision of the contract.

86.     The "ASSIGNING CLAIMS" provision of the contract described in paragraph 85 provides that if the Plaintiff and each member of the class have a dispute with a merchant, they may request a credit to the account.

87.    In order to use this right, Federal law requires that (1) the purchase must have been made in the Plaintiff and each member of the class's home state or within 100 miles of the Plaintiff and each member of the class's current address, and the purchase price must have been more than $50; (2) the Plaintiff and each member of the class must have used the credit card account for the purchase; and (3) the Plaintiff and each member of the class must not yet have fully paid for the purchase.

88.    The Defendant contends that in order to preserve the right described in paragraph 86, the Plaintiff and each member of the class must contact the Defendant within 60 days of receipt of the statement upon which the charges appear.

89.    The Plaintiff and each member of the class contend that no such timing requirement exists under the terms of the credit card contract or the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

90.    The Plaintiff and each member of the class are in doubt as to their rights under the terms of the credit card contract and the interpretation of the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c)).

### PRAYER FOR RELIEF

The Plaintiff, on behalf of herself, and the class, request that the Court order relief and enter judgment against CAPITAL ONE FINANCIAL CORPORATION as follows:

1. An order certifying the proposed Class and appointing Plaintiff and counsel to represent the class;

2. An order that CAPITAL ONE FINANCIAL CORPORATION be permanently enjoined from its improper and unlawful conduct and practices alleged herein;

3. A judgment awarding the Plaintiff and members of the class actual damages in an amount according to proof for CAPITAL ONE FINANCIAL CORPORATION'S breaches of the credit card contracts, and for all other of CAPITAL ONE FINANCIAL CORPORATION'S conduct alleged under all causes of actions herein entitling the Plaintiff and each member of the class to actual damages;

4. A judgment awarding the Plaintiff and each member of the class restitution, including, without limitation, disgorgement of all profits and unjust enrichment obtained by CAPITAL ONE FINANCIAL CORPORATION as a result of its unlawful and unfair conduct alleged herein;

5. A declaration identifying the rights of the parties when the Plaintiff and each member of the class are not satisfied with the credit card purchases and have performed all conditions precedent, specifically as to whether a timing requirement exists under the terms of the contract and the Truth in Lending Act, 15 U.S.C. §1666i (12 C.F.R. §226.12(c));

6. Attorney's fees, expenses, and the costs of this action; and

7. All other and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

The Plaintiff and each member of the class demand a trial by jury for all issues so triable.

Dated: 1 April 2011

The Compass Law Group

By: _____

Paul Rogers Kennedy, Esquire
Florida Bar No. 615226
55 NE 5th Avenue
Second Floor
Delray Beach, FL 33484
Attorney for the Plaintiffs

Page 19 of 19

01-08-'04 01:35 FROM-Corporate Offices          8006145893          T-552 P001/003 F-472

2010-12-21 14:31          >> STS EVO-FAX          P 16/19

10C-767

CUSTOMER AGREEMENT

EXHIBIT "A"

## ARBITRATION

You and we agree that either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration.

**IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE OR REPRESENTATIVE PROCEEDING. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISCOVERY OR TO APPEAL, MAY BE LIMITED OR UNAVAILABLE IN ARBITRATION. THE FEES ASSOCIATED WITH ARBITRATION MAY BE HIGHER THAN THE FEES ASSOCIATED WITH COURT PROCEEDINGS.**

01-08-'04 01:36 FROM-Corporate Offices          8006145893          T-552  P003/003 F-472



WEST VIRGINIA CODE
CHAPTER 55. ACTIONS, SUITS AND ARBITRATION;
JUDICIAL SALE.
ARTICLE 10. ARBITRATION.

**§55-10-1. Submission of controversy; defenses; setoff.**
Persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court, in person or by counsel, it shall be entered in the proceedings of such court; and thereupon a rule shall be made that the parties shall submit to the award which shall be made in pursuance of such agreement. When a pending cause is submitted to arbitration, the defendant may make any defense to the plaintiff's claim or demand that he could make under any proper plea filed in court, whether such plea has been filed or not, by giving to the plaintiff reasonable notice in writing of the nature and character of his defense; and in a suit for any debt, he may at the trial before the arbitrators prove and have allowed against such debt any payment or setoff, whether before that time pleaded or not, or whether an account of setoff has before that time been filed or not, which he may plead or file before the arbitrators in such manner as to give the plaintiff notice of its nature, but not otherwise. Although the state of the plaintiff be jointly against several persons and the setoff be of a debt, not to all, but only to a part of them, the setoff shall tolera to such setoff, if it appear that the persons against whom such claim is stand in the relation of principal and surety, and the person entitled to the setoff be the principal. When the defendant is allowed to file and prove an account of setoff to the plaintiff's demand, the plaintiff shall be allowed to file and prove an account of counter setoff, and make such other defense as he might have made had an original action been brought upon such setoff; and upon the trial the arbitrators shall ascertain the true state of indebtedness between the parties, and the award shall be rendered accordingly.

**§55-10-2. Submission irrevocable; extension of time for award.**
No such submission, entered or agreed to be entered of record, in any court, shall be revocable by any party to such submission, without the leave of such court; and such court may, from time to time, enlarge the term within which an award is required to be made.

**§55-10-3. Entry of award as judgment or decree; compensation of arbitrators.**
Upon the return of any such award, made under such an agreement (whether any previous record of the submission or rule thereupon has been made or not), it shall be entered up as the judgment or decree of the court, unless good cause be shown against it at the first term after the parties have been summoned to show cause against it. And the court shall make to such arbitrators such reasonable allowance for their services as it may deem proper, to be taxed in the costs of the suit or proceeding, when no provision is made for the pay of the arbitrators in the arbitration agreement, or to be otherwise paid as the court may direct.

**§55-10-4. Setting aside award; equity jurisdiction not affected.**
No such award shall be set aside, except for errors apparent on its face, unless it appears to have been procured by corruption or other undue means, or by mistake, or that there was partiality or misbehavior in the arbitrators, or any of them, or that the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made. But this section shall not be construed to take away the power of courts of equity over awards.

**§55-10-5. Rehearing by arbitrators.**
Where an award is vacated, and the time within which the submission requires the award to be made has not expired, the court, in its discretion, may direct a rehearing by the arbitrators.

**§55-10-6. When award may be modified or corrected.**
Any party to such submission may also move to modify or correct such award in the following cases: (a) Where there is an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property referred to in such award; (b) where the arbitrators shall have awarded upon some matter not submitted to them, nor affecting the merits of the decision of the matter submitted; (c) where the award shall be imperfect in some matter of form not affecting the merits of the controversy, and when, if it had been a verdict, such defect could have been amended or disregarded by the court.

**§55-10-7. Fiduciary may submit to arbitration.**
Any personal representative of a decedent, guardian of an infant, committee of an insane person or a convict, or trustee, may file his petition in the circuit court of the county in which he qualified or was appointed, asking permission from such court to submit to arbitration any suit or matter of controversy touching the estate or property of such decedent, infant, insane person, or convict, or in respect to which he is trustee, in which petition shall be stated the facts upon which the petitioner seeks the permission of the court. The court may, in its discretion, grant or refuse the prayer of the petition, if the petition be filed in good faith, and the petition be granted by the court, an order showing that permission to arbitrate was granted shall be entered on the chancery order book of the court, and the award made in any such case shall be binding upon all the parties in interest, and shall be entered as the judgment or decree of the court in the same manner as other submissions and awards are entered, unless set aside by the court. If the petition be filed in good faith and there be no fault or neglect on the part of the fiduciary, he shall not be responsible for any loss sustained by an award adverse to the interests of his decedent, ward, insane person, convict or beneficiary under any such trust.

**§55-10-8. Umpires.**
Wherever the word "arbitrators" is used in this chapter, it shall be construed as applying to and including any "umpire" who has participated in the arbitration.

*Note: Code updated with legislation passed through the 2010 2nd Extraordinary Session.*

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Palm Beach                    Circuit Court

Case Number: 502011CA005047XXXXMB AH

Plaintiff:
**HELENE M. ATWOOD,**

vs.

Defendant:
**CAPITAL ONE FINANCIAL CORPORATION,**

For:
Paul Rogers Kennedy, Esq.
COMPASS LAW GROUP

Received by C. ZIRKLE PROCESS, INC. on the 14th day of June, 2011 at 4:11 pm to be served on CAPITAL ONE FINANCIAL CORPORATION C/O CORPORATION SERVICE COMPANY, REG. AGENT, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, Herman Mathers, do hereby affirm that on the 16th day of June, 2011 at 3:05 pm, I:

Served the within named CORPORATION by delivering a true copy of the **SUMMONS AND COMPLAINT WITH EXHIBITS** with the date and hour of service endorsed thereon by me to CORPORATION SERVICE COMPANY as REGISTERED AGENT, by serving CARLA LOHI as PROCESS CLERK authorized to accept service for registered agent.

I certify that I have no interest in the above action, that I am over the age of eighteen and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to F.S. 92.525(2), that I have read the foregoing document and that the facts stated in it are true.

SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 7
11 JUL 18 PM 4:06

**Herman Mathers**
SPECIAL PROCESS SERVER #2

**C. ZIRKLE PROCESS, INC.**
5079 N. Dixie Hwy
Suite 341
Fort Lauderdale, FL 33334
(954) 567-1050
Our Job Serial Number: 2011001412
Ref: 800

Copyright © 1992-2006 Database Services, Inc - Process Server's Toolbox V5.9s

ORIGINAL

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

HELENE M. ATWOOD,
    Plaintiff,

                           CASE NO.:

vs.

CAPITAL ONE FINANCIAL CORPORATION,
    Defendant.

                       /

**FILED**

APR 0 1 2011

**SUMMONS**

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the above named *Red/G NH*
Defendant:

**CAPITAL ONE FINANCIAL CORPORATION**
**By Serving Its Registered Agent**
**Corporation Service Company**
**1201 Hayes Street**
**Tallahassee, FL 32301**

*6-16-11 3:05p*
*Carla Lott*
*Process Clerk*
*Herman Mathers*

Each defendant is required to serve written defenses to the complaint or petition on:

**Paul Rogers Kennedy, Esq.**
**Compass Law Group**
**55 NE 5th Avenue, Second Floor**
**Delray Beach, FL 33483**

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the Clerk of this Court either before service eon Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

ARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
C. 187

**DATED:** _____, 2011

(SEAL)                       **SHARON R. BOCK**
                            As Clerk of the Court

                            By: _____
                              AS DEPUTY CLERK    KRISTIN BUTLER

*IN ACCORDANCE with the Americans with Disabilities Act if you are a person with a disability who needs any
accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact Administrative Office of the Court, Palm Beach Courthouse, 205 N. Dixie
Highway, West Palm Beach, Florida 33401 (561) 355-2431 within 2 working days of your receipt of this Notice; if you
are hearing or voice impaired call 1-800-955-8771.*

300